**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No: _____

AMERIGLIDE DISTRIBUTING 2019, INC.,

       Plaintiff,

  v.

AG PRODUCTION SERVICES INC.,

       Defendant,

_____/

**AMERIGLIDE DISTRIBUTING 2019, INC.'S COMPLAINT**

Plaintiff AmeriGlide Distributing 2019, Inc. ("AmeriGlide"), by counsel, states as follows as its Complaint against Defendant AG Production Services Inc. ("AG Production"):

**INTRODUCTION**

1. AG Production contracted with AmeriGlide, a leading manufacturer of mobility equipment in the United States and Canada, to purchase twenty-three model hybrid commercial vertical platform lifts for use during the Miami Grand Prix Formula 1 Race, which took place in Miami, Florida on May 8, 2022 (the "Miami Grand Prix" or the "Race"). AmeriGlide delivered all equipment and made a technician available to provide assistance over the Race weekend. AG Production used the equipment over the Race weekend and continues to retain the equipment. Yet, AG Production has failed to pay $176,362.41, plus interest, owed to AmeriGlide. Accordingly, AmeriGlide brings this action to recoup damages incurred as a result of AG Production's failure to pay.

## PARTIES

2. AmeriGlide is a North Carolina Corporation with its principal place of business in Raleigh, North Carolina.

3. AG Production is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship, and the amount in controversy exceeds $75,000.00.

5. The Court has personal jurisdiction over AG Production pursuant to Fla. Stat. § 48.193(1)(a)(1), (2), and (7). AG Production engaged in business and/or a business venture in Florida, including by contracting with AmeriGlide for the purchase of commercial vertical platform lifts for use during the Miami Grand Prix which took place in Miami, Florida. AG Production accepted shipments of the vertical platform lifts in Florida and oversaw the installation and use of the vertical platform lifts in the months leading up to and during the Race. By producing the Miami Grand Prix, AG Production engaged in substantial and not isolated activity within this state.  AG Production also breached its contract with AmeriGlide by committing acts or omissions required to be performed in Florida.

6. Venue is appropriate venue under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action (e.g., the delivery, acceptance, and use of the equipment at issue) took place in this judicial district.

## BACKGROUND

7. AmeriGlide manufactures and sells mobility equipment, including vertical platform lifts and elevators, throughout the United States and Canada.

8. AG Production operates as a full-scale event production company that specializes in lighting, audio, video, staging, and design for live music events and festivals.

9. AG Production's production and operation of full-scale events regularly includes the installation, use, and implementation of mobility equipment, including vertical platform lifts and elevators.

10. At all times relevant to the events in this Complaint, AG Production held itself out as having knowledge or skill peculiar to the installation, use, and implementation of mobility equipment, including vertical platform lifts and elevators.

11. On or about January 18, 2022, AG Production agreed to purchase twenty-three model hybrid commercial vertical platform lifts from AmeriGlide for use during the Miami Grand Prix.

12. On or about January 20, 2022, AmeriGlide sent AG Production Sales Order No. 0009252 (the "Sales Order"), attached hereto as **Exhibit A**, itemizing the equipment and services agreed to be purchased by AG Production and setting forth the payment terms agreed upon by the parties.

13. The total amount due on the Sales Order was $334,472.02, with payment broken up as follows: 50 percent due up front to start the project and rush build the first lift, 25 percent due after delivery of units 2 through 12 during the last week of February 2022, and 25 percent due during the third week of March to ship the last 11 lifts.

14. On or about January 20, 2022, AG Production paid AmeriGlide a deposit of $167,236.01.

15. The equipment purchased by AG Production was to be specially manufactured for AG Production, and was not suitable for sale to others in the ordinary course of AmeriGlide's

business.

16. On or about January 21, 2022, AmeriGlide sent AG Production the final specifications for the equipment.

17. On or about January 24, 2022, AG Production approved the final specifications.

18. The Sales Order included two visits from an AmeriGlide technician to provide assistance or answer questions regarding installation or operation of the equipment to AG Production.

19. The Sales Order did <u>not</u> include installation or assembly of the equipment by AmeriGlide.

20. AG Production requested rushed shipping to meet its deadlines for installation and assembly of the vertical platform lifts for the Miami Grand Prix.

21. AG Production ordered additional equipment from AmeriGlide, including buttons to operate the lifts, totaling $9,126.40, making the total due to AmeriGlide $343,598.42, minus AG Production's January 20 initial deposit.

22. AmeriGlide shipped the first unit to AG Production's office in Las Vegas, Nevada on or about February 4, 2022.

23. Also in February 2022, AmeriGlide sent a technician to Las Vegas to assist with assembly and demonstrate how the equipment is used and installed.

24. AG Production accepted the first unit on or about February 14, 2022.

25. AmeriGlide sent the remaining units and equipment to AG Production in Miami.

26. AmeriGlide sent the first shipment of remaining units and equipment to Miami on or about February 16, 2022.

27. AG Production accepted all units and equipment in the February shipment.

50800373v1

28.     AmeriGlide invoiced AG Production for the February shipment on or about February 28, 2022. A true and accurate copy of the February 28 invoice is attached as **Exhibit B**.

29.     AmeriGlide sent all remaining units and equipment to Miami on or about March 25 and March 29, 2022.

30.     AG Production accepted all units and equipment in the March shipments.

31.     AmeriGlide invoiced AG Production for the March shipments on or about March 31, 2022. A true and accurate copy of the March 31 invoice is attached as **Exhibit C**.

32.     Additionally, AmeriGlide arranged for travel and purchased a regular fan pass to allow its technician, Ron Louis ("Louis"), to be available in Miami all day Saturday, May 7, and Sunday, May 8, 2022.

33.     Although AG Production accepted all equipment, AG Production failed to remit payment to AmeriGlide in accordance with the schedule set forth in the Sales Order and invoices.

34.     At no time did AG Production provide written notice of objection to the contents of the Sales Order and invoices, or otherwise repudiate the agreement to purchase the equipment and services as outlined in the Sales Order and invoices.

35.     For weeks, AmeriGlide inquired about AG Production's delinquent payments.

36.     On or about March 30, 2022, Andrew Gumper ("Gumper"), President of AG Production, wrote to AmeriGlide: "So sorry I've been jumping from project to project over the past few weeks. Payment I'll get processed for next weeks [sic] run . . . ."

37.     Despite Gumper's assurance of payment, AG Production continued to withhold amounts owed under the Sales Order and invoices.

38.     AG Production has ignored AmeriGlide's demands for payment and continues to retain the equipment.

50800373v1

39. To date, AG Production has failed to pay $176,362.41, plus interest, owed to AmeriGlide.

40. All conditions precedent to the maintenance of the causes of action set forth herein have occurred, been waived or excused.

## COUNT I
## BREACH OF CONTRACT

41. AmeriGlide restates and incorporates by reference its allegations stated in Paragraphs 1 through 40, as if fully set forth herein.

42. AmeriGlide's provision and AG Production's acceptance of all equipment and technician assistance described on the Sales Order, February 28 invoice, and March 31 invoice created a valid and enforceable contract between the parties.

43. AmeriGlide shipped all equipment ordered by AG Production and provided the technician assistance as listed on the Sales Order and invoices.

44. AG Production accepted all equipment and the technician assistance listed in the Sales Order and invoices.

45. AG Production neither rejected nor returned any of the equipment listed on the Sales Order or invoices.

46. AG Production materially breached the parties' contract by failing to timely pay for all equipment and services provided by AmeriGlide.

47. To date, AG Production has failed to pay $176,362.41 owed to AmeriGlide under the parties' contract.

48. As a direct and proximate result of AG Production's breach of the parties' contract, AmeriGlide suffered damages in an amount to be proven at trial, including but not limited to the outstanding balance on the Sales Order and invoices.

WHEREFORE, AmeriGlide requests judgment against AG Production in an amount to be proven at trial, including the outstanding balance on the Sales Order and invoices, AmeriGlide's costs, and pre- and post-judgment interest.

## COUNT II
## UNJUST ENRICHMENT – IN THE ALTERNATIVE TO COUNTS I AND III

49. In the alternative to Counts I and III, and except to the extent inconsistent with the relief requested in this Count, AmeriGlide incorporates by reference the allegations set forth in paragraphs 1-40 above.

50. AmeriGlide conferred a benefit on AG Production by supplying AG Production with 23 vertical platform lifts and technical support, with a value totaling $343,598.42.

51. AG Production appreciated, accepted, retained, and benefited from the equipment and technical support supplied by AmeriGlide in connection with the Race.

52. To date, AG Production has failed to pay $176,362.41 owed to AmeriGlide for the value of the equipment and technical support supplied by AmeriGlide to AG Production for the Race.

53. To the extent that AmeriGlide lacks a valid and enforceable contract with AG Production, AmeriGlide lacks an adequate remedy at law.

54. Consequently, under the circumstances, it would be inequitable for AG Production to accept the value of the equipment and technical support supplied and accepted by AG Production, without AG Production paying the value of it.

WHEREFORE, AmeriGlide requests judgment against AG Production in an amount to be proven at trial, including $176,362.41 owed to AmeriGlide for the equipment and technical support supplied for the Race, AmeriGlide's costs, and pre- and post-judgment interest.

## COUNT III
## QUANTUM MERUIT – IN THE ALTERNATIVE TO COUNTS I AND II

55. In the alternative to Counts I and II, and except to the extent inconsistent with the relief requested in this Count, AmeriGlide incorporates by reference the allegations set forth in paragraphs 1-40 above.

56. By, *inter alia*, expressly requesting that AmeriGlide supply AG Production with 23 vertical platform lifts and technical support, AG Production acquiesced in the provision of AmeriGlide's services.

57. AG Production was aware that AmeriGlide expected to be compensated for such services.

58. By accepting 23 vertical platform lifts and technical support without payment, AG Production was unjustly enriched thereby.

59. The reasonable value of the labor performed and the market value of the materials furnished is $343,598.42.

60. To date, AG Production has failed to pay $176,362.41 owed to AmeriGlide, which constitutes the remaining, unpaid reasonable value of the labor performed and the market value of the materials furnished.

WHEREFORE, AmeriGlide requests judgment against AG Production in an amount to be proven at trial, including $176,362.41 owed to AmeriGlide for the reasonable value of the equipment and technical support supplied for the Race, AmeriGlide's costs, and pre- and post-judgment interest.

**REQUEST FOR RELIEF**

For the reasons stated herein, AmeriGlide requests the following relief:

1. Enter judgment against AG Production on Count I for breach of contract and award

AmeriGlide Distributing 2019 Inc. v. AG Production Services Inc.
*Complaint*

damages to AmeriGlide in an amount to be proven at trial, but not less than the outstanding balance on the Sales Order and invoices of $176,362.41.

2. In the alternative to entry of judgment on Counts I and III, enter judgment against AG Production on Count II for unjust enrichment and award damages to AmeriGlide in an amount to be proven at trial, but not less than $176,362.41.

3. In the alternative to entry of judgment on Counts I and II, enter judgment against AG Production on Count III for quantum meruit and award damages to AmeriGlide in an amount to be proven at trial, but not less than $176,362.41.

3. Award AmeriGlide its costs, pre-judgment and post-judgment interest, and any other relief that the Court deems proper.

Dated: June 29, 2022  Respectfully submitted,

/s/ Jessica Sander
JESSICA SANDER, ESQ.
Florida Bar No. 43154
Email: jessica.sander@gmlaw.com
Secondary Email: mor.avin@gmlaw.com
GREENSPOON MARDER LLP
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 527-6236
Fax: (954) 333-4252

Andrew O. Mathews, Esquire (VSB No.
Amanda H. Bird-Johnson, Esquire (VSB No. 92110)
WILLIAMS MULLEN, P.C.
200 S. 10th Street, Suite 1600 (23219)
P.O. Box 1320
Richmond, VA  23218-1320
Telephone: (804) 420-6000
Fax: (804) 420-6507
Email: amathews@williamsmullen.com
           abird-johnson@williamsmullen.com
*Pro Hac Admission to be requested*
*Attorneys for Plaintiff AmeriGlide Distributing 2019, Inc.*